DECISION AND JUDGMENT
{¶ 1} Appellant, Roseanne T. Bennett, appeals the judgment of the Wood County Court of Common Pleas, following her guilty plea to one count of theft, a fourth-degree felony in violation of R.C. 2913.02(A)(2), and four counts of misuse of a credit card, two fourth-degree felonies and two fifth-degree felonies, in violation of R.C. 2913.21. Bennett contends that she did not receive effective assistance of counsel as required by *Page 2 
the United States and Ohio Constitutions. Because we find Bennett received effective assistance of counsel, we affirm.
 {¶ 2} Bennett was indicted for one count of theft, a fourth degree felony in violation of R.C. 2913.02(A)(2), and four counts of misuse of a credit card, two fourth-degree felonies and two fifth-degree felonies, in violation of R.C. 2913.21. At her arraignment, Bennett pled not guilty to all five counts. Eight months after her arraignment, Bennett filed a demand for discovery. Two more months later, Bennett waived her right to trial, withdrew her plea of not guilty, and entered pleas of guilty to all five counts of the indictment. The trial court sentenced Bennett to 90 days in the Wood County Justice Center, three years of community control sanctions, and ordered restitution in the amount of $55,000, counseling and treatment, and 300 hours of community service.
 {¶ 3} From that judgment, Bennett appeals, raising one assignment of error for review:
 {¶ 4} "Appellant received ineffective assistance of counsel in violation of her rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Constitution of the State of Ohio."
 {¶ 5} To establish ineffective assistance of counsel, an accused must show: (1) that his or her trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by theSixth Amendment of the United States Constitution; and (2) that counsel's deficient performance prejudiced the defense. *Page 3 Strickland v. Washington (1984), 466 U.S. 668, 687. Under the first prong, an accused must show that his counsel's performance fell below an "objective standard of reasonableness." State v. Bradley (1989),42 Ohio St.3d 136, 142, quoting Strickland, 466 U.S. at 687-688. There is a strong presumption that counsel was competent. Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 301. Prejudice is established under the second prong, when there is a reasonable probability that a different result would have occurred in the case if the attorney had not erred. State v.Bradley, 42 Ohio St.3d at 146. Furthermore, a claim for ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance caused the guilty plea to be involuntary. State v.Coulon, 6th Dist. No. WM-07-006, 2007-Ohio-7096, ¶ 29, citing State v.Barnett (1991), 73 Ohio App.3d 244, 248.
 {¶ 6} Bennett maintains that her counsel's ineffectiveness resulted in an involuntary guilty plea. Bennett contends the following actions constituted ineffective assistance of counsel: (1) failing to file a motion for the recusal of the presiding judge; (2) failing to communicate the nature and extent of the state's evidence against her and failing to interview any favorable defense witnesses; and (3) stipulating to the state's restitution amount after failing to contest or request an accounting.
 {¶ 7} First, the prior professional activities of a judge are not grounds for disqualification where the record fails to demonstrate the existence of a relationship or interest that clearly and adversely impacts on a party's ability to obtain a fair and impartial trial.In re Disqualification of Cross (1991), 74 Ohio St.3d 1228. *Page 4 
 {¶ 8} At Bennett's arraignment, the trial judge stated: "I just want to advise counsel on the record until you indicated that bond condition I didn't know the victim-alleged victim of the offense. Probably 20 years ago I was a board member [of] the UFC. I haven't had any association or contact, I don't even know who is there anymore, but I want to disclose that. I wanted to let you know about that if anybody thought that was a problem." Trial counsel responded: "I would discuss it with my client. I'll certainly advise her. I don't believe it is a problem." The trial judge added, "I'm sure it was in the maybe longer than 20 years ago, maybe late 70's, early 80's."
 {¶ 9} In this case, trial counsel reasonably chose not to file a disqualification motion. No evidence indicates that the judge's prior or personal relationship with UFC adversely impacted Bennett. The trial judge is no longer on the UFC board, does not know anybody there, and the relationship ended about 20 years ago or longer. Bennett's first argument is not well-taken.
 {¶ 10} Bennett next argues that her counsel failed to timely disclose the state's evidence against her and failed to interview any favorable witnesses. She argues that the delay of eight months between her arraignment and her counsel's first discovery motion was not reasonable.
 {¶ 11} Discovery decisions are presumed to be trial strategies which do not constitute ineffective assistance of counsel. State v.Northern (Dec. 26, 2001), 8th Dist. No. 35849 citing State v.Clayton (1980), 62 Ohio St.2d 45; see, also, State v. Allen, 10th Dist. No. 02AP-862, 2003-Ohio-1114, at ¶ 7; Spence v. Gohara (Aug. 27, 1993), *Page 5 
6th Dist. No. L-92-363. Her counsel's decision to delay discovery was reasonable since the parties were working on a plea agreement from March through August and delaying discovery may have been a valid strategy. See State v. Carter (1995), 72 Ohio St.3d 545, 558 ("appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy"). Although Bennett maintains that her case was set for change of plea hearings before she was presented with discovery, Bennett received her discovery before the actual hearing in which she changed her plea.
 {¶ 12} Also, Bennett cannot establish prejudice. No evidence indicates that Bennett would have changed her plea had she knew of this discovery evidence earlier. Bennett's related contention that trial counsel made no attempt to interview favorable defense witnesses also lacks merit. Bennett does not identify potential witnesses and does not argue that, but for her counsel's failure to interview them, she would not have entered a guilty plea.
 {¶ 13} Finally, Bennett contends that counsel stipulated to $55,000 in restitution without establishing this amount with certainty by having received an accounting or documentation. The parties agreed to the restitution amount off the record. A reviewing court will only examine the record. State v. Ishmail (1976), 54 Ohio St.2d 402, syllabus;State v. Leeper, 5th Dist. No. 2004CAA07054, 2005-Ohio-1957, ¶ 57. Here, the record demonstrates that the amount of restitution was reasonable. During the plea hearing, the state identified stolen funds in excess of $40,500. In addition to those stolen funds, the *Page 6 
state asserted that Bennett's conduct imposed additional costs on UCF, including $5,000 for an audit, $10,000 in penalties and fines to the IRS, $5,000 in attorney fees, and about $5,000 a year in lost stipends. Thus, according to the state's statement of the evidence, Bennett's conduct damaged UFC in excess of $55,000. We cannot conclude that Bennett's counsel was unreasonable for agreeing to $55,000 in restitution.
 {¶ 14} For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1