[Cite as *State v. Muhammad*, 2014-Ohio-5771.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-G-3182** |
| RASHAD M. MUHAMMAD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 13 C 000134.

Judgment: Affirmed.

*James R. Flaiz,* Geauga County Prosecutor, and *Nicholas A. Burling,* Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Brooke M. Burns* and *Sheryl A. Trzaska,* Assistant State Public Defender, 250 East Broad Street, #1400, Columbus, OH 43215-9308 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Rashad M. Muhammad, entered pleas of guilty to aggravated robbery with a firearm specification and improperly handling a firearm in a motor vehicle. The trial court subsequently sentenced appellant to an aggregate term of 12 years imprisonment. For the reasons discussed below, we affirm.

{¶2} Johnathan and Joshua Moore planned a robbery of the Newbury Pharmacy in Newbury Township, Geauga County, Ohio. They enlisted the assistance

of Zachary Tiggs from Detroit, Michigan, who, in turn, enlisted the help of appellant. Once appellant agreed to assist in the robbery, the Moores purchased bus tickets for appellant and Tiggs to travel to Cleveland, where, in the early morning hours of July 11, 2013, the Moores picked up the two young men. They returned to the Moores' residence and went to sleep.

{¶3} Upon awakening, Johnathan Moore provided appellant with a loaded .38 special to use in the robbery. Appellant and Tiggs entered the pharmacy at approximately 9:20 a.m. on July 11, 2013. And, while Tiggs distracted a front pharmacy employee, appellant went to the rear of the pharmacy and confronted the pharmacist with the firearm. Appellant placed the firearm to the pharmacist's face and demanded all the "controls," which the pharmacist interpreted to mean all the controlled narcotics. The pharmacist opened a cabinet and placed between 4,000 and 6,000 pills in a bag, and the robbers fled.

{¶4} Appellant and Tiggs were picked up by Johnathon Moore. Traffic was heavy, however, and they had difficulty exiting the parking lot. A witness noticed them leaving and followed them in his black SUV. Appellant advised Moore to stop the vehicle so he could "smoke" the guy that was following them.

{¶5} Meanwhile, Joshua Moore had retrieved $80 from an ATM for appellant and Tiggs to purchase bus tickets back to Michigan. The Moores were subsequently arrested for their role in the robbery. Geauga County law enforcement officers contacted the Michigan State Police, who later apprehended both appellant and Tiggs. The authorities retrieved cell phones, bus tickets, clothing, personal identification, as well as the stolen pills. Geauga County police officers later drove to Detroit, took appellant and Tiggs into custody, and transported them back to Geauga County.

2

{¶6} On July 12, 2013, a complaint was filed in the Geauga County Juvenile Court, alleging that the then-17-year-old appellant was delinquent of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree if committed by an adult; kidnapping, in violation of R.C. 2905.01(A)(2), a felony of the first degree if committed by an adult; and felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree if committed by an adult. Each charge was enhanced with a firearm specification pursuant to R.C. 2941.145. The state sought to have appellant's case transferred to the Geauga County Court of Common Pleas in order to try him as an adult pursuant to Juv.R. 30 and R.C. 2152.12(A).

{¶7} On August 19, 2013, the juvenile court held a probable cause hearing, after which it found probable cause to believe appellant committed the offenses charged in the complaint. The court further determined transfer to the court of common pleas was mandatory pursuant to R.C. 2152.10(A)(2)(b) and (A)(3).

{¶8} Appellant was subsequently indicted by the Geauga County Grand Jury on the following charges: aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree; kidnapping, in violation of R.C. 2905.01(A)(2), a felony of the first degree; theft of drugs, in violation of R.C. 2913.02(A)(1) and (B)(6), a felony of the fourth degree; improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(B), a felony of the fourth degree; breaking and entering, in violation of R.C. 2911.13(B), a felony of the fifth degree; and aggravated menacing, in violation of R.C. 2903.21(A), a misdemeanor of the first degree. Counts one, two, and three contained firearm specifications, pursuant to R.C. 2941.145.

{¶9} On September 19, 2013, appellant entered pleas of guilty to aggravated robbery with a firearm specification and to improperly handling firearms in a motor

vehicle. Appellant was sentenced on January 6, 2014. The trial court imposed an eight-year term of imprisonment for aggravated robbery; three years on the firearm specification; and twelve months for improperly handling firearms in a motor vehicle. All terms of imprisonment were ordered to be served consecutively, for an aggregate term of 12 years. This appeal follows.

{¶10} Appellant assigns five errors for our review. His first assignment of error provides:

{¶11} "The Geauga County Court of Common Pleas erred when it convicted Rashad Muhammad of improperly handling a firearm in a motor vehicle because it did not have subject matter jurisdiction over that offense. R.C. 2151.23(A); R.C. 2152.02(C); R.C. 2152.12(A). Fourteenth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 16."

{¶12} Appellant contends that the Geauga County Court of Common Pleas lacked jurisdiction to enter a judgment of conviction for the count of improperly handling a firearm in a motor vehicle because that charge was not filed in the initial complaint charging him in the juvenile court. According to appellant, the court of common pleas has jurisdiction over only those charges that were pending at the time of transfer. As a result, he maintains, the charge of improperly handling a firearm in a motor vehicle is void and the conviction must be vacated. We do not agree.

{¶13} Juvenile courts possess exclusive initial subject-matter jurisdiction over any matter involving a juvenile alleged to be delinquent for having committed an act that would constitute a felony if committed by an adult. *State v. Golphin*, 81 Ohio St.3d 543, 544 (1998). Before a juvenile may be tried as an adult in a court of common pleas, the

4

juvenile court must comply with the transfer provisions in R.C. 2152.12. *Id.* at 545. (citing former R.C. 2151.26, which was replaced by current R.C. 2152.12).

{¶14} In this case, the matter was subject to a mandatory transfer to the court of common pleas pursuant to procedures set forth under the applicable statutes. In particular, the juvenile court found that appellant was alleged to be delinquent, charged with two category-two offenses if committed by an adult (i.e., aggravated robbery and kidnapping); was 17 years old at the time of the act in question; and was alleged to have a firearm on his person during the commission of the act charged. Pursuant to R.C. 2152.10(A)(2)(b), the trial court concluded appellant was subject to mandatory transfer.

{¶15} Furthermore, R.C. 2152.10(A)(3) and R.C. 2152.12(A)(2) require transfer of a juvenile case to the court of common pleas "if the complaint is filed against a child who is domiciled in another state alleging that the child is a delinquent child for committing an act that would be a felony if committed by an adult, and, if the act charged had been committed in that other state, the child would be subject to criminal prosecution as an adult under the law of that other state without the need for a transfer of jurisdiction." Appellant was domiciled in the state of Michigan at the time of the acts leading to the charges and Michigan law defines a juvenile as a person who is less than 17 years of age. The trial court therefore determined R.C. 2152.10(A)(3) and R.C. 2152.12(A)(2) provided further basis for the mandatory transfer.

{¶16} Appellant's first assignment of error does not take issue with the propriety of the transfer, only the subsequent indictment that the grand jury returned that included a charge, i.e., improperly handling a firearm in a motor vehicle, not in the original

5

complaint. Appellant asserts the court of common pleas did not have subject matter jurisdiction to try him on this charge.

{¶17} R.C. 2151.23 governs the jurisdiction of the juvenile courts. Subsection (H) of that statute provides:

{¶18} If a child who is charged with an act that would be an offense if committed by an adult * * * is transferred for criminal prosecution pursuant to section 2152.12 of the Revised Code, except as provided in section 2152.121 of the Revised Code, the juvenile court does not have jurisdiction to hear or determine the case subsequent to the transfer. The court to which the case is transferred for criminal prosecution pursuant to that section has jurisdiction subsequent to the transfer to hear and determine the case in the same manner as if the case originally had been commenced in that court, subject to section 2152.121 of the Revised Code, including, but not limited to, jurisdiction to accept a plea of guilty or another plea authorized by Criminal Rule 11 or another section of the Revised Code and jurisdiction to accept a verdict and to enter a judgment of conviction pursuant to the Rules of Criminal Procedure against the child for the commission of the offense that was the basis of the transfer of the case for criminal prosecution, whether the conviction is for the same degree or a lesser degree of the offense charged, for the commission of a lesser-included offense, *or for the commission of another offense that is different from the offense charged.* (Emphasis added).

6

{¶19} In *State v. Adams*, 69 Ohio St.2d 120 (1982), the Supreme Court of Ohio held that after a child is properly bound over to the general division for a felony, the child is bound over for all felonies, even if the other felonies were not the subject of the transfer proceedings. Effective January 1, 1996, however, the General Assembly enacted Am.Sub.H.B. No. 1, amending the applicable statutes so as to supersede *Adams,* stating at Section 3(B):

{¶20} "'The General Assembly hereby declares that its purpose in enacting the language in division (B) of section 2151.011 and divisions (B) and (C) of section 2151.26 of the Revised Code [now R.C. 2152.12] that exists on and after the effective date of this act is to overrule the holding in *Adams, supra, r*egarding the effect of binding a child over for trial as an adult.'" *State v. Fryerson*, 8th Dist. Cuyahoga No. 71683, 2000 Ohio App. LEXIS 456, *14 citing R.C. 2151.23(H)(1) (Feb. 10, 2000), quoting 146 Ohio Laws, Part I, 1, 96.

{¶21} As a consequence of the foregoing amendments, a transferee court possesses jurisdiction to hear and determine criminal offenses derived from a charged act that was transferred for criminal prosecution under R.C. 2152.12, but did not have jurisdiction to adjudicate criminal offenses derived from a charged act that was *not* the basis of the transfer. *Fryerson*, *supra.*

{¶22} The Eighth Appellate District has specifically addressed the issue when a juvenile defendant can be indicted on charges different from those that were the basis of the transfer. In *Fryerson*, *supra*, the juvenile defendant was bound over to the court of common pleas on several charges involving a specific victim and occurrence. After being bound over, the defendant was indicted on separate charges involving a different victim and occurrence. The Eighth District held that, because the defendant was not

7

bound over on the second set of charges, the court of common pleas did not have jurisdiction to hear those charges. The court determined that, pursuant to R.C. 2151.23(H), because the different charges were not derived from the charged act that was the basis of the transfer, those charges could not be heard or resolved in the general division. *Id.* at *14.

{¶23} In *State v. Bruno*, 8th Dist. Cuyahoga No. 77202, 2001 Ohio App. LEXIS 479 (Feb. 8, 2001), the Eighth District again considered the same issue with a different result. In *Bruno*, the juvenile defendant was bound over to the court of common pleas for murder. The grand jury subsequently indicted the defendant for aggravated murder. On appeal, the defendant argued the trial court's indictment for aggravated murder exceeded the jurisdiction bestowed upon it by the juvenile court. The Eighth District noted "that as long as the indicted offense arose out of the offense that was the basis of the transfer, the juvenile could be indicted on a different offense, but where the juvenile was indicted on offenses that did not arise out of the bound over offenses, the trial court lacked jurisdiction." *Id.* at *6-*7 citing *Fryerson*, *supra*. Drawing from the *Fryerson* holding as well as R.C. 2151.23(H), the *Bruno* court held that a court of common pleas has jurisdiction over a charge different from the charge bound over so long as the new charge is derived from the charged act that was the basis of the transfer. *Id.* at *8.

{¶24} The issue in the instant matter may be framed accordingly: Did the charge of improperly handling a firearm in a motor vehicle arise out of the offenses that were the basis of the transfer or, alternatively, was the improperly-handling charge derivative of the charged acts at the basis of the transfer?

{¶25} Appellant was transferred on charges of aggravated robbery, kidnapping, and felonious assault, each with an accompanying firearm enhancement. The facts

8

upon which these charges were premised revealed appellant, with a .38 special on his person, was dropped, with Tiggs, at the pharmacy; appellant used the firearm to rob the pharmacy; he then fled in Johnathon Moore's vehicle with the firearm.

{¶26} The additional crime of improperly handling a firearm in a motor vehicle charged appellant with violating R.C. 2923.16(B), which provides: "No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." Given the facts of the case, it is reasonable to conclude the charge of improper handling of a firearm in a motor vehicle was derived from the charged acts that were the basis of the transfer. Although the charge was a result of a prior act of transporting a loaded firearm in a vehicle, the crimes for which appellant was transferred could only occur as they did due to the improper-handling charge. In effect, the criminal acts upon which the transfer was premised were, in an essential way, completely derivative of appellant's act of improper handling. Accordingly, the improper-handling charge was, under these facts, sine qua non, for the crimes for which appellant was transferred. We therefore hold the trial court possessed jurisdiction to indict and convict appellant of improperly handling a firearm in a vehicle pursuant to R.C. 2151.23(H).

{¶27} Appellant's first assignment of error lacks merit.

{¶28} Appellant's second, third, and fourth assignments of error state, respectively:

{¶29} "[2.] The juvenile court erred when it transferred Rashad Muhammad's case to criminal court because the mandatory transfer provisions in R.C. 2152.10(A)(2)(b), 2152.12(A)(1)(b), and 2152.12(A)(2)(b) are unconstitutional in

9

violation of a child's right to due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16, Ohio Constitution."

{¶30} "[3.] The juvenile court erred when it transferred Rashad Muhammad's case to criminal court because the mandatory transfer provisions in R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violate a child's right to equal protection as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 2, Ohio Constitution."

{¶31} "[4.] The juvenile court erred when it transferred Rashad Muhammad's case to criminal court because the mandatory transfer provisions in 2152.10(A)(2)(b), 2152.12(A)(1)(b), and 2152.12(A)(2)(b) violate the prohibition against cruel and unusual punishments as guaranteed by the Eighth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 9, Ohio Constitution."

{¶32} Under these assigned errors, appellant contends the mandatory statutory transfer provisions listed above, violate his constitutional rights to due process of law, equal protection and the prohibition against cruel and unusual punishment. We need not reach the merits of these challenges, however, because, by virtue of his plea of guilty, appellant waived the arguments.

{¶33} In *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, the Ohio Supreme Court held "a defendant who * * * voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'". *Id.* at ¶78, quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional

issues arising at prior stages of the proceedings. *Ross v. Common Pleas*, 30 Ohio St.2d 323, 324 (1972).

{¶**34**} The constitutionality of the Revised Code's mandatory bind-over provisions does not implicate the court of common pleas' jurisdiction. *State v. Bradford*, 5th Dist. Stark No. 2013 CA 00124, 2014-Ohio-904, ¶78. Pursuant to R.C. 2151.23(H) and R.C. 2152.12(I), the court of common pleas has jurisdiction over any case that is transferred from the juvenile court, regardless of whether it is a mandatory bind-over under R.C. 2152.12(A) or a discretionary bind-over under R.C. 2152.12(B).[1] *State v. Quarterman*, 9th Dist. Summit No. 26400, 2013-Ohio-3606, ¶5; *see also Bradford*, *supra.*

{¶**35**} In this matter, appellant does not argue his pleas were not knowing, intelligent, or voluntary. Rather, he asserts the juvenile court should not have transferred his case to the court of common pleas because the transfer statutes upon which it relied do not comport with the Constitution of Ohio or the United States. By entering pleas of guilty to aggravated robbery, with a firearm specification, and improperly handling firearms in a motor vehicle, however, appellant waived his right to challenge the constitutionality of the mandatory-transfer provisions. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5280, ¶104 (an appellant waives any complaint regarding constitutional violations *not* related to the entry of a guilty plea.)

---

1. R.C. 2152.12(I) provides: Upon the transfer of a case under division (A) or (B) of this section, the juvenile court shall state the reasons for the transfer on the record, and shall order the child to enter into a recognizance with good and sufficient surety for the child's appearance before the appropriate court for any disposition that the court is authorized to make for a similar act committed by an adult. The transfer abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint, and, upon the transfer, all further proceedings pertaining to the act charged shall be discontinued in the juvenile court, and the case then shall be within the jurisdiction of the court to which it is transferred as described in division (H) of section 2151.23 of the Revised Code.

11

{¶36} Appellant's second, third, and fourth assignments of error are without merit.

{¶37} Appellant's fifth assignment of error provides:

{¶38} "Rashad Muhammad was denied the effective assistance of counsel. Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution; Ohio Constitution, Article I, Sections 9 and 10."

{¶39} Under this assignment of error, appellant asserts he was denied effective assistance of counsel when his attorney failed to object to the court of common pleas' subject matter jurisdiction as well as when counsel failed to challenge the mandatory transfer based upon constitutional violations. We do not agree.

{¶40} Counsel's performance will not be deemed ineffective unless an appellant establishes counsel's performance fell below an objective standard of reasonableness and the appellant suffered prejudice. *See e.g. Strickland v. Washington*, 466 U.S. 668 (1984).

{¶41} A plea of guilty waives the right to appeal issues of counsel's purported ineffectiveness, unless the alleged ineffective assistance caused the guilty plea to be involuntary. *State v. Bennett*, 6th Dist. Wood No. WD-08-0005, 2008-Ohio-5812, ¶5; *see also State v. Miller*, 11th Dist. Lake No. 2001-L-210, 2003-Ohio-1205, ¶17. In his brief, appellant has not argued his attorney's alleged deficient performance caused his plea not to be entered knowingly, intelligently, or involuntarily. Accordingly, appellant waived his ineffective-assistance claim.

{¶42} Appellant's final assignment of error lacks merit.

{¶43} For the reasons discussed in this opinion, the judgment of the Geauga County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

{¶44} I concur with the majority's well-reasoned disposition of the second through fifth assignments of error. I respectfully dissent regarding the first, finding the trial court did not have jurisdiction of the charge of improperly handling firearms in a motor vehicle. As the majority notes, the Eighth District in *Fryerson*, *supra*, determined that the court of common pleas has jurisdiction of crimes not charged in the juvenile court, but which derive from the same criminal acts. In this case, appellant was charged in the juvenile court with delinquencies all stemming from his acts *in* the pharmacy: aggravated robbery (if committed by an adult); kidnapping (if committed by an adult); and felonious assault (if committed by an adult). These all arose directly from appellant pointing the gun at the pharmacist, and demanding the drugs. As the majority acknowledges, the improperly handling firearms in a vehicle charge, only brought after bindover, stems from appellant's possession of the gun on the way to the pharmacy, and during the getaway. It simply does not arise from the same criminal acts forming the basis of the delinquency charges. *Fryerson* and its progeny do not apply, and the trial court lacked jurisdiction of this charge.

{¶45} I respectfully concur and dissent.

13