[Cite as *State v. Mallory*, 2021-Ohio-1542.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0070** |
| ANTONIO DARNELL MALLORY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2019 CR 00062.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor; *Ashleigh Musick* and *Ryan J. Sanders*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Richard E. Hackerd*, 3539 West Boulevard, Cleveland, Ohio 44111 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Antonio Darnell Mallory ("Mr. Mallory"), appeals from the judgment of conviction in the Trumbull County Court of Common Pleas following his guilty pleas to aggravated robbery, robbery, and aggravated burglary.

{¶2} Mr. Mallory presents two assignments of error, contending that (1) the trial court erred by failing to inform him during the plea colloquy of his constitutional right to trial by the judge or a jury, and (2) he was provided ineffective assistance of counsel.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) The trial court complied with Crim.R.11(C)(2)(c). Although the trial court informed Mr. Mallory that he had the right to "a trial" rather than "a jury trial," the trial court expressly informed Mr. Mallory that the state would have to prove the elements of each of the three offenses to which he pleaded guilty "by proof beyond a reasonable doubt to the unanimous satisfaction of a jury."

{¶5} (2) By pleading guilty, Mr. Mallory waived a claim for ineffective assistance of counsel other than a claim that his guilty pleas were involuntary as a result of defense counsel's errors, which he has not asserted. Even if the claim were not waived, Mr. Mallory has not established deficient performance or resulting prejudice.

{¶6} Thus, we affirm the judgment of the Trumbull County Court of Common Pleas.

### Substantive and Procedural History

{¶7} In April 2019, the Trumbull County Grand Jury indicted Mr. Mallory on the following five counts: two counts of aggravated robbery, first-degree felonies, in violation of R.C. 2911.01(A)(1) and (C) (counts 1 and 3); two counts of robbery, second-degree felonies, in violation of R.C. 2911.02(A)(2) and (B) (counts 2 and 4); and aggravated burglary, a first-degree felony, in violation of R.C. 2911.11(A)(1) and (B) (count 5). Mr. Mallory was appointed counsel and pleaded not guilty to the charges.

{¶8} The record indicates that the trial court held several pretrial conferences in this matter. At the first pretrial, which was held immediately following Mr. Mallory's arraignment, Mr. Mallory was represented by the public defender. Defense counsel informed the trial court that there was "DNA evidence which I believe is a large part of the

2

prosecution's case" and indicated Mr. Mallory was prepared to waive his speedy trial rights "for a reasonable period to allow preparation." The trial court inquired if the defense had retained its own expert, to which defense counsel responded, "Not yet. I just got the discovery but there is a significant DNA so I'll need to get --. * * * I need to see his printouts and reports and see how solid the alleged CODIS hit is and match." The state indicated that it would provide defense counsel with the requested material.

{¶9} At the second pretrial, the state indicated that it had provided the DNA material to defense counsel as well as a proposed plea agreement to resolve the case. Defense counsel indicated that he had not had an opportunity to discuss the plea agreement with Mr. Mallory.

{¶10} At the third pretrial, the trial court granted Mr. Mallory's request for a continuance to hire private counsel and subsequently permitted the public defender to withdraw.

{¶11} At the fourth and fifth pretrials, Mr. Mallory had not obtained private counsel. The trial court granted his request to appoint counsel, who was present in the courtroom. The state indicated that Mr. Mallory's new counsel should be able to obtain the discovery, including DNA analysis, as well as the proposed plea agreement it had provided to the public defender. The trial court granted a continuance to allow Mr. Mallory's new counsel to prepare for trial.

{¶12} In November 2019, Mr. Mallory withdrew his former pleas of not guilty and entered written and oral pleas of guilty to count 1 (aggravated robbery), count 4 (robbery), and count 5 (aggravated burglary). The parties jointly recommended sentences of five years in prison on each count to run concurrent to each other and concurrent to the prison

3

sentence imposed in an unrelated case. The state agreed to dismiss count 2 (robbery) and count 3 (aggravated robbery) at sentencing.

{¶13} The trial court held a plea hearing and engaged in a colloquy with Mr. Mallory pursuant to Crim.R. 11. Relevant here, the trial court notified Mr. Mallory as follows:

{¶14} "THE COURT: You have the right to go forward with a trial and have the State of Ohio prove its case by proof beyond a reasonable doubt. Do you understand that?

{¶15} "[MR. MALLORY]: Yes, sir."

{¶16} In explaining the elements for each of the three offenses to which he was pleading guilty, the trial court informed Mr. Mallory that the state "would have to prove the following elements by proof beyond a reasonable doubt to the unanimous satisfaction of a jury." Each time, Mr. Mallory indicated that he understood.

{¶17} Following the colloquy, Mr. Mallory entered oral pleas of guilty to counts 1, 4, and 5. As the factual basis, the state indicated as follows:

{¶18} "On or around the 22nd day of May, 2016, at 357 West Park Avenue, in the City of Niles, Trumbull County, Ohio, this Defendant along with another unidentified Defendant entered into the residence belonging to Michael Crain and Natalie Rittman, which was located at 357 West Park in the City of Niles. They struck the victim, Mr. Crain, taking money – or taking various items from him. They also threatened to assault the female victim in this case. They then fled the residence after taking those items from the various victims."

4

{¶19} The trial court found that Mr. Mallory knowingly, intelligently, and voluntarily waived his constitutional rights and understood the penalties involved. The court accepted Mr. Mallory's guilty pleas and found him guilty.

{¶20} Mr. Mallory waived a presentence investigation, and the matter proceeded immediately to sentencing. The trial court imposed sentences in accordance with the parties' joint recommendation, i.e., five years in prison on each count to run concurrent to each other and concurrent to the prison sentence imposed in an unrelated case. It subsequently issued a judgment entry memorializing Mr. Mallory's guilty pleas and sentences.

{¶21} Mr. Mallory filed a notice of appeal, which this court dismissed as untimely in *State v. Mallory*, 11th Dist. Trumbull No. 2019-T-0090, 2020-Ohio-441. Mr. Mallory filed a motion for a delayed appeal, which this court granted.

{¶22} Mr. Mallory now presents the following two assignments of error for our review:

{¶23} "[1.] Defendant's Counsel was Ineffective.

{¶24} "[2.] The Trial Court committed reversible error when it failed to inform the Defendant of his constitutionally mandated right to trial by judge or to a jury under the Federal and State Constitution."

{¶25} We review Mr. Mallory's assignments of error in reverse order.

**Guilty Pleas**

{¶26} In his second assignment of error, Mr. Mallory contends that the trial court erred during the plea colloquy by failing to specifically inform him that he was waiving his right to a trial by jury or the court.

5

{¶27} This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Shepard*, 11th Dist. Ashtabula No. 2019-A-0024, 2019-Ohio-3995, ¶ 39.

{¶28} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶29} Crim.R. 11 was adopted to give detailed instructions to trial courts on the procedures to follow before accepting pleas of guilty or no contest. *State v. Barker*, 129 Ohio St.3d 472, 953 N.E.2d 826, 2011-Ohio-4130, ¶ 9. Relevant here is Crim.R. 11(C)(2)(c), which provides, in part, as follows:

{¶30} "In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * [i]nforming the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to *jury trial*, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt *at a trial* at which the defendant cannot be compelled to testify against himself or herself." (Emphasis added.)

{¶31} The preferred method of informing a criminal defendant of his or her constitutional rights during the plea colloquy is to use the language contained in Crim.R. 11(C). *Barker* at ¶ 14. However, "[f]ailure to use the exact language contained in Crim.R. 11(C), in informing a criminal defendant of his constitutional right to a trial and the constitutional rights related to such trial, including the right to trial by jury, is not grounds

for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant." *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph two of the syllabus. In other words, "'[m]atters of reality, and not mere ritual, should be controlling.'" *Id.* at 480, quoting *McCarthy v. United States*, 394 U.S. 459, 468, 89 S.Ct.1166, 22 L.Ed.2d 418 (1969), fn. 20. A Crim.R. 11(C) colloquy "may be looked to in the totality of the matter." *Id.* at 481.

{¶32} As indicated, Crim.R. 11(C)(2)(c) requires the trial court to inform the defendant that he or she is waiving the rights to a "jury trial" and to require the state to prove the defendant's guilt beyond a reasonable doubt "at a trial." It does not require the trial court to inform a defendant of a right to a bench trial. *See State v. Kittelson*, 2016-Ohio-8430, 78 N.E.3d 355, ¶ 30 (11th Dist.) ("Contrary to [appellant's] position, he was advised of his right to a bench trial, despite the fact that the trial court is under no obligation to advise him of that right").

{¶33} Although the trial court informed Mr. Mallory that he had the right to "a trial" rather than "a jury trial," the trial court expressly explained that a jury would be the arbiter of his guilt if he exercised his right to a trial. Specifically, in explaining the elements for each offense to which he was pleading guilty, the trial court informed Mr. Mallory that the state "would have to prove the following elements by proof beyond a reasonable doubt to the unanimous satisfaction of a jury." This court has found compliance with Crim.R. 11(C)(2)(c) in identical circumstances. *See State v. Myers*, 11th Dist. Trumbull No. 2020-T-0006, 2021-Ohio-475, ¶ 37-41*; State v. Perkins*, 11th Dist. Trumbull No. 2018-T-0012, 2018-Ohio-5335, ¶ 15-18; *State v. Young*, 11th Dist. Trumbull No. 2009-T-0130, 2011-Ohio-4018, ¶ 39-42.

{¶34} As this court explained in *State v. Ralston*, 2018-Ohio-4946, 126 N.E.3d 234 (11th Dist.), "[i]n order to satisfy constitutional due process, there must be some actual indication the trial court orally mentioned a jury would be involved were the matter tried. This does not necessarily mean the reference to a jury must overtly advise a defendant she has a right to a jury trial which she would be waiving by pleading guilty; nevertheless, the reference or statement must meaningfully inform a defendant of the right in a reasonably intelligible fashion." *Id.* at ¶ 9. "[W]hen a court advises a defendant that the state will have to prove all elements of the charge(s) to the unanimous satisfaction of a jury, it necessarily follows that the defendant would be entitled to a jury trial if he or she elected to so proceed." *Id.*

{¶35} Accordingly, we conclude that the trial court's failure to provide a rote recitation of Crim.R. 11(C)(2)(c) did not invalidate Mr. Mallory's guilty pleas. The totality of the record demonstrates that the trial court explained Mr. Mallory's right to a jury trial in a manner reasonably intelligible to him.

{¶36} Mr. Mallory's second assignment of error is without merit.

**Ineffective Assistance of Counsel**

{¶37} In his first assignment of error, Mr. Mallory contends that his counsel provided ineffective assistance by failing to retain a DNA expert even though counsel had obtained a continuance for that purpose.

{¶38} "To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the

8

proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000); *see Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶39} According to the Supreme Court of the United States, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann [v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *see State v. Spates*, 64 Ohio St.3d 269, 271-273, 595 N.E.2d 351 (1992) (applying this holding).

{¶40} Thus, this court has held that "[a] plea of guilty waives the right to appeal issues of counsel's purported ineffectiveness, unless the alleged ineffective assistance caused the guilty plea to be involuntary." *State v. Muhammad*, 11th Dist. Geauga No. 2014-G-3182, 2014-Ohio-5771, ¶ 41.

{¶41} In the present case, Mr. Mallory has not contended that his guilty pleas were involuntary as a result of defense counsel's failure to retain a DNA expert. Rather, as set forth above, he argues that the trial court failed to comply with a portion of Crim.R. 11(C)(2)(c) during the plea colloquy. Therefore, Mr. Mallory has waived a claim of ineffective assistance of counsel.

{¶42} Even if the claim were not waived, it would lack merit. Counsel's failure to retain an expert does not necessarily constitute deficient performance. In *State v.*

9

*Nicholas*, 66 Ohio St.3d 431, 613 N.E.2d 225 (1993), the Supreme Court of Ohio held that "the failure to call an expert and instead rely on cross-examination does not constitute ineffective assistance of counsel." *Id.* at 436.

{¶43} Further, Mr. Mallory has not established resulting prejudice. During the first pretrial, Mr. Mallory's prior counsel mentioned the possibility of retaining a DNA expert depending on his receipt and review of the DNA data. There is no indication in the record that defense counsel subsequently found the state's DNA evidence to be lacking or that the results of further DNA analysis would have been favorable to the defense. *See State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, ¶ 97 (ineffective assistance of counsel not established where "the results of defense DNA testing might not have turned out to be favorable to the defense").

{¶44} Mr. Mallory's first assignment of error is without merit.

{¶45} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.