[Cite as *State v. Gibbons*, 2025-Ohio-5713.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NOS. 2025-P-0040** |
| | **2025-P-0041** |
| Plaintiff-Appellee, | **2025-P-0042** |
| - vs - | Criminal Appeals from the Court of Common Pleas |
| KAREN S. GIBBONS, | |
| Defendant-Appellant. | Trial Court Nos. 2023 CR 01188D |
| | 2023 CR 01293D |
| | 2025 CR 01407C |

## OPINION AND JUDGMENT ENTRY

Decided: December 22, 2025
Judgment: Affirmed

*Connie J. Lewandowski,* Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Karen S. Gibbons*, pro se, PID# W112-956, Ohio Reformatory For Women, 1479 Collins Avenue, Marysville, OH 43040 (Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1}   Defendant-appellant, Karen S. Gibbons ("Gibbons"), appeals from the judgments of the Portage County Court of Common Pleas sentencing her to a jointly recommended aggregate indefinite prison term of 8 to 12 years as a result of her pleas and convictions of sexual battery, a third-degree felony; kidnapping, a first-degree felony, three counts of trafficking in cocaine, fifth-degree felonies; and possession of cocaine, a fifth-degree felony. For the following reasons, we affirm.

{¶2} Gibbons raises three assignments of error for review: 1) ineffective assistance of counsel; 2) a Fourth Amendment violation of illegal search and seizure; and 3) disparate sentencing. Specifically, Gibbons alleges that her appointed attorney was ineffective during the plea negotiation process. Gibbons contends that law enforcement officers violated her Fourth Amendment rights when they arrested her in her home as she was sleeping. Gibbons further asserts that the trial court's imposition of the jointly recommended aggregate eight-year prison sentence was contrary to law.

{¶3} Upon review, we conclude that Gibbons has failed to show that her counsel was ineffective. Additionally, by pleading guilty to the offenses, Gibbons has waived any claim regarding a motion to suppress. Finally, the jointly recommended sentence imposed is not reviewable under R.C. 2953.08(D)(1).

{¶4} As none of Gibbons's assignments of error are meritorious, the judgments of the Portage County Court of Common Pleas are affirmed.

**Substantive and Procedural Facts**

{¶5} These appeals stem from Gibbons's pleas and convictions in three separate cases: Portage County Case Nos. 2023 CR 1188D, 2023 CR 1293D, and 2023 CR 1407C. As these cases were resolved by a plea, the record contains minimal facts regarding the underlying offenses.

*1. Case No. 2023 CR 1188D*

{¶6} On November 2, 2023, the Portage County Grand Jury indicted Gibbons on five counts: rape, a felony of the first degree, in violation of R.C. 2907.02; kidnapping, a felony of the first degree, in violation of R.C. 2905.01; sexual battery, a felony of the third degree, in violation of R.C. 2907.03; robbery, a felony of the second degree, in violation

of R.C. 2911.02; and, weapons under disability, a felony of the third degree, in violation of R.C. 2923.13, with a specification of forfeiture. Gibbons was jointly indicted with two co-defendants: on all five counts with Deolia A. Day (a.k.a Deolia A. Perry); and the first four counts with Abdul K. Abdus-Shakoor (f.k.a. Calvin L. Coleman).

{¶7} On November 7, 2023, Gibbons entered a plea of not guilty at arraignment and bond was set at $175,000 cash or surety with conditions.

{¶8} On January 30, 2024, an amended indictment was filed charging Gibbons as follows: complicity to rape, a felony of the first degree, in violation of R.C. 2907.02 and 2923.03; complicity to kidnapping, a felony of the first degree, in violation of R.C. 2905.01 and 2923.03; complicity to sexual battery, a felony of the third degree, in violation of R.C. 2907.03 and 2923.03; complicity to robbery, a felony of the second degree, in violation of R.C. 2911.02 and 2923.03; and weapons under disability, a felony of the third degree, in violation of R.C. 2923.13, with a specification of forfeiture.

{¶9} On March 1, 2024, Gibbons filed a motion to suppress evidence. Specifically, Gibbons sought to suppress her statements to police. A hearing on the motion to suppress was scheduled for March 25, 2024.

### 2. Case No. 2023 CR 1293D

{¶10} On November 29, 2023, in Case No. 2023 CR 1293D, the Portage County Grand Jury indicted Gibbons on four counts of trafficking in cocaine, felonies of the fifth degree, in violation of R.C. 2925.03. Two days later, on December 1, 2023, Gibbons entered a plea of not guilty at arraignment and a personal recognizance bond was set at $35,000.

Case Nos. 2025-P-0040, 2025-P-0041, 2025-P-0042

### 3. Case No. 2023 CR 1407C

{¶11}  On December 28, 2023, the Portage County Grand Jury indicted Gibbons on two counts in Case No. 2023 CR 1407C: possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11 and possessing drug abuse instruments, a misdemeanor of the second degree, in violation of R.C. 2925.12. Gibbons entered a plea of not guilty at arraignment and a personal recognizance bond was set at $35,000.

### 4. Plea/Sentencing Hearing - March 22, 2024

{¶12}  As a result of plea negotiations, Gibbons and the State agreed to resolve the three cases in a single proceeding. Gibbons appeared before the court and entered a plea of guilty to the following charges: In Case No. 2023 CR 1188D, Gibbons entered a plea of guilty to count 1 as amended, sexual battery, a third-degree felony, and kidnapping, as charged, a first-degree felony. In Case No 2023 CR 1293D, Gibbons entered a plea of guilty to three of the four trafficking in cocaine charges.  In Case No. 2023 CR 1407C, Gibbons entered a plea of guilty to possession of cocaine, a fifth-degree felony. All other charges were dismissed.

{¶13}  At the plea hearing, Gibbons was advised of the nature of the plea, the potential sentences and fines for each charge, including an explanation of the indefinite prison term, post release control, as well as her requirements to register as a sex offender. Gibbons was also advised, that by entering a guilty plea, she would be waiving certain constitutional rights, and that she was waiving her right to appeal any issue that may have been brought up at trial. Gibbons stated that she understood the consequences of her plea and the rights she was waiving as a result of her plea.

Case Nos. 2025-P-0040, 2025-P-0041, 2025-P-0042

{¶14} Gibbons acknowledged that she voluntarily signed the written plea agreement after reviewing the documents with her counsel. Gibbons had no questions regarding the documents. Gibbons then entered a plea of guilty to the charges as detailed in the plea.[1] Gibbons and the State agreed to waive a presentence investigation ("PSI").The trial court accepted Gibbons's pleas in both cases and proceeded directly to sentencing. As a result of the plea in Case No. 2023 CR 1188D, defense counsel moved to orally withdraw the pending motion to suppress. Defense counsel also requested a post-sentencing investigation to be completed when Gibbons became eligible for early or judicial release. The trial court agreed. The trial court then imposed the jointly recommended indefinite sentence of 8 to 12 years on the kidnapping charge. The trial court further imposed 36 months on the sexual battery offense, 12 months on the possession of cocaine offense, and 12 months on each of the trafficking offenses. All sentences imposed were ordered to be served concurrently to each other for an aggregate sentence of 8 to 12 years as jointly agreed to by the parties.

{¶15} On May 6, 2025, over a year after the imposition of sentence, Gibbons filed motions to withdraw her guilty plea in each of the underlying cases. A hearing was scheduled, but according to the docket, the hearing was cancelled. It appears from the dockets that the motions remain pending.

{¶16} On July 1, 2025, Gibbons filed a motion for leave to file a delayed appeal which this court granted.

**The Appeal**

{¶17} Gibbons raises three assignments of error for review:[2]

---

1. No factual basis was presented.
2. In her brief, Gibbons titled her assignments of error as propositions of law.

Case Nos. 2025-P-0040, 2025-P-0041, 2025-P-0042

"[1.] Ineffective Assistance of Council [sic] a violation of my Sixth Amendment of the United States Constitution, Article I, sec 10 of the Ohio Constitution, assigned public defender for October 2023 thru March 2024."

"[2.] Illegal Search and Seizure a violation of my 4th Amendment of the United States Constitution and Art. I, Sec 14 of the Ohio Constitution."

"[3]. Sentencing Errors a violation of USCS Const. Art. I § 8.C1 18, Oh. Const, Art. IV. § 3."

## Ineffective Assistance of Counsel

{¶18} In her first assignment of error, Gibbons asserts that she received ineffective assistance of counsel. Specifically, Gibbons alleges that her trial counsel failed to meet with her prior to plea negotiations, failed to discuss discovery or possible plea negotiations with her, failed to ensure all aspects of the plea agreement were placed on the record, and failed to defend the sentence.

{¶19} "To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 2000-Ohio-448, ¶ 49, citing *Strickland v. Washington,* 466 U.S. 668, 687-688 (1984).

{¶20} This court has held that "[a] plea of guilty waives the right to appeal issues of counsel's purported ineffectiveness, unless the alleged ineffective assistance caused the guilty plea to be involuntary." *State v. Muhammad*, 2014-Ohio-5771, ¶ 41 (11th Dist.) citing *State v. Bennett*, 2008-Ohio-5812, ¶ 5 (6th Dist.); *State v. Miller*, 2003-Ohio-1205, ¶ 17 (11th Dist.). As the Supreme Court of the United States has stated "a guilty plea

Case Nos. 2025-P-0040, 2025-P-0041, 2025-P-0042

represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)]." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see State v. Spates*, 64 Ohio St.3d 269, 271-273 (1992); *see also State v. Mallory*, 2021-Ohio-1542, ¶ 39 (11th Dist.).

{¶21} Notably, Gibbons does not assert that but for her counsel's alleged deficiencies, she would not have entered a plea of guilty to the offenses. Instead, she alleges that her trial counsel failed to meet with her prior to plea negotiations, failed to discuss discovery or possible plea negotiations with her, failed to ensure all aspects of the plea agreement were placed on the record, and failed to defend the sentence. As there is no claim that the alleged deficiencies affected the voluntary, knowing, or intelligent nature of Gibbons's plea, her claim of ineffective assistance of counsel is waived.

{¶22} Moreover, even if the claim was not waived, the record, including Gibbons's own affirmations at the plea hearing, belie these claims. Specifically, Gibbons indicated to the trial court that her counsel reviewed the plea documents with her and if her counsel fully advised her of the plea negotiations. (Dkt. 53, T.p. Plea and Sentencing Hearing, p. 3, 12, 13). Additionally, trial counsel and the State discussed both the jointly recommended sentence, which was imposed by the court, as well as the possibility for

Case Nos. 2025-P-0040, 2025-P-0041, 2025-P-0042

early or judicial release. The Written Plea of Guilty, signed by Gibbons, also provides the following statements: "I am satisfied with my attorney's advice and competence;" and "I have received discovery in this matter, and would move to <u>withdraw any motions</u> previously filed on my behalf." (Underline in original.) Therefore, the record does not support Gibbons's claim of ineffective assistance of counsel.

{¶23} As such, Gibbons's first assignment of error is without merit.

**Search and Seizure**

{¶24} In her second assignment of error, Gibbons raises a Fourth Amendment claim and asserts that she was illegally searched without a warrant when she was arrested in her home.

{¶25} We note that Gibbons's counsel filed a Motion To Suppress on March 1, 2024, seeking to suppress statements Gibbons made to police. The motion did not raise any Fourth Amendment violation. As a result of plea negotiations, counsel orally withdrew the motion to suppress prior to the scheduled suppression hearing.

{¶26} In *State v. Hull*, 2017-Ohio-157 (11th Dist.), this court recognized:

> "'[A] defendant who * * * voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."' [*State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927,] ¶78, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings. *Ross v. Common Pleas*, 30 Ohio St.2d 323, 324, 285 N.E.2d 25 (1972)." *State v. Muhammad*, 11th Dist. Geauga No. 2014-G-3182, 2014-Ohio-5771, ¶33.

(*Bracketed text in original.*) *Hull* at ¶ 66. Applying the principle of waiver to Hull's appeal, this court held that "[b]y entering guilty pleas, Hull waived his right to challenge the

constitutionality of his stop, the search of his vehicle, and his confession on appeal." *Id.* at ¶ 67.

{¶27} In the instant case, Gibbons's counsel withdrew the Motion To Suppress when Gibbons pleaded guilty. At the plea hearing, Gibbons was advised that by pleading guilty she was waiving her right to appeal anything that would have been brought at trial. The Written Plea of Guilty also contained the following advisement:

> I understand that while I do not lose all of my rights to appeal if I plead guilty, that I will lose certain appellate rights by pleading guilty.
>
> I understand that by pleading guilty I waive my right to appeal any issues that might have been raised at trial . . . .

{¶28} Therefore, by pleading guilty to the offenses and withdrawing the motion to suppress, Gibbons has waived the right to appeal any claim that was raised or could have been raised in a pretrial motion to suppress. As such, her second assignment of error is without merit.

## Sentencing

{¶29} In her final assignment of error, Gibbons contends that her sentence is contrary to law. Specifically, she asserts that there is an inconsistency between the sentences imposed upon her and the co-defendants in this case.

{¶30} An appellate court reviews sentencing errors pursuant to R.C. 2953.08. A defendant may appeal as a matter of right on several grounds, including that the sentence is contrary to law. R.C. 2953.08(A)(4). However, subsection (A) of R.C. 2953.08 recognizes an exception enumerated in subsection (D).

{¶31} Pursuant to R.C. 2953.08(D)(1): "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been

Case Nos. 2025-P-0040, 2025-P-0041, 2025-P-0042

recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶32}   Here, each of Gibbons's sentences were authorized by law and fell within the statutory guidelines for each offense. The sentences, including the aggregate sentence, were jointly recommended by Gibbons and the State. The jointly recommended sentence was imposed by the trial court. As such, Gibbons's sentence is not subject to appellate review under R.C. 2953.08. *See State v. Simmons*, 2025-Ohio-514, ¶ 10 (11th Dist.); *see also, State v. Bliffin*, 2025-Ohio-2809, ¶ 11 (11th Dist.).

{¶33}   Moreover, the trial court and defense counsel discussed the differences between Gibbons's sentence and the sentence imposed on a co-defendant at the plea and sentencing hearing:

> [GIBBONS]: I mean, I take responsibility for the – responsibility for the part that I played in the scenario. And I, you know, that's it.
>
> . . .
>
> [DEFENSE COUNSEL]: I think a lot of this was difficult especially for Karen to comprehend, not that she didn't understand it, but to accept it, the complicity aspect. Her role was not - - obviously, she was not a principal offender, but she understand - -
>
> THE COURT: That's why she has been offered what she's been offered, significantly less than what the prior defendant that had pled.
>
> [DEFENSE COUNSEL]: But I think she doesn't understand that now, just in her role that she played tied her in through complicity for the major offenses.

{¶34}   By Gibbons own statements in her brief, the co-defendants in this case pled to different offenses, had different criminal histories, as well as different levels of

involvement. Even if Gibbons's sentencing claim was not waived in this appeal, nothing in the record supports the claim that her sentences were contrary to law.

{¶35} Accordingly, none of Gibbons's assignments of error have merit.

## Conclusion

{¶36} For the reasons set forth above, we affirm the judgments of the Portage County Court of Common Pleas.


MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case Nos. 2025-P-0040, 2025-P-0041, 2025-P-0042

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgments of the Portage County Court of Common Pleas are affirmed.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2025-P-0040, 2025-P-0041, 2025-P-0042