OPINION
{¶ 1} David P. Hayes appeals from the Conneaut Municipal Court's judgment entry of sentence. We affirm.
 {¶ 2} Hayes was charged with obstructing official business, R.C.2921.31(A), a second-degree misdemeanor. Hayes eventually pleaded guilty to this charge and on March 23, 2004, the trial court sentenced Hayes to 90 days in jail and ordered that he pay court costs. The trial court suspended the 90-day sentence on the condition that Hayes pay the court costs by July 23, 2004.
 {¶ 3} Hayes filed a timely appeal of the trial court's judgment entry of sentence raising the following assignment of error, "The trial court erred in imposing court costs on an indigent defendant."
 {¶ 4} In support of his assignment of error, Hayes argues R.C. 2949.14
prohibits a court from imposing costs on an indigent defendant. R.C. 2949.14
provides:
 {¶ 5} "Upon conviction of a nonindigent person for a felony, the clerkof the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted." (Emphasis added.)
 {¶ 6} R.C. 2949.14 is inapplicable to this case because it applies only to nonindigent persons convicted of a felony and instructs the clerk of the common pleas court to prepare a bill of costs. Hayes pleaded guilty to a misdemeanor in municipal court.
 {¶ 7} R.C. 2947.23(A)(1) provides in pertinent part, "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs."
 {¶ 8} As the Ohio Supreme Court recently stated, "* * * R.C. 2947.23
does not prohibit a court from assessing costs against an indigent defendant; rather it requires a court to assess costs against all convicted defendants." (Emphasis sic.) State v. White, 103 Ohio St.3d 580,2004-Ohio-5989, ¶ 8. Thus, it is clear the trial court was required to impose costs upon Hayes.
 {¶ 9} For the foregoing reasons, appellant's sole assignment of error is without merit and the judgment of the Conneaut Municipal Court is affirmed.
O'Neill, J., Grendell, J., concur.