[Cite as *State v. Tackett*, 2019-Ohio-1419.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO


STATE OF OHIO,                          :          **O P I N I O N**

        Plaintiff-Appellee,          :

  - vs -                                      :          **CASE NO. 2018-A-0053**

KAREN MARIE TACKETT,                    :

        Defendant-Appellant.        :


Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CR 00497.

Judgment:  Affirmed.


*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Thomas Rein*, 820 West Superior Avenue, Suite 800, Cleveland, OH  44113 (For Defendant-Appellant).


MARY JANE TRAPP, J.

{¶1}   Appellant, Karen Marie Tackett, appeals the judgment of the Ashtabula County Court of Common Pleas ordering her to pay court costs following her plea of guilty to trafficking in heroin and involuntary manslaughter.  After a careful review of the record and pertinent law, we affirm.

**Substantive History and Procedural Background**

**{¶2}** Ms. Tackett, an indigent defendant, entered into a written plea of guilty to one count of trafficking in heroin (Count 1) and one count of involuntary manslaughter (Count 8). The state dismissed the remaining counts pursuant to a plea agreement.

**{¶3}** The trial court sentenced Ms. Tackett to a 30-month prison term on Count 1 and a 9-year prison term on Count 8, to be served concurrent with each other and with the sentences imposed in three other cases. The trial court also ordered Ms. Tackett to pay all court costs.

**{¶4}** Ms. Tackett now appeals her sentence, bringing the following assignment of error for our review:

**{¶5}** "The court costs imposed at the sentencing hearing and thereafter infringes [sic] upon Appellant's rights under the Eighth and Fourteenth Amendments to the United States Constitution, R.C. 2929.18, R.C. 2919(b)(5) [sic], R.C. 2947.14, and related sections of the Ohio Constitution."

**Standard of Review**

**{¶6}** When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1. Thus, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.*

## Law and Analysis

**{¶7}** In her sole assignment of error, Ms. Tackett argues that the trial court erred by not considering her ability to pay when imposing court costs.

**{¶8}** R.C. 2947.23(A)(1)(a) governs the imposition of court costs. It states, in relevant part: "In all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution, * * * and render a judgment against the defendant for such costs." The Supreme Court of Ohio has held that R.C. 2947.23 *requires* a court to assess costs against all convicted defendants, including indigent defendants. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶8; *State v. Hayes*, 11th Dist. Ashtabula No. 2004-A-0024, 2005-Ohio-2881, ¶8. Therefore, "a defendant's financial status is irrelevant to the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, ¶3.

**{¶9}** In support of her argument that the trial court was required to consider her ability to pay, Ms. Tackett cites to several inapplicable legal authorities.

**{¶10}** First, Ms. Tackett cites R.C. 2929.19(B)(5), which requires a trial court to consider an offender's present and future ability to pay a *financial sanction*. As we have previously held, however, "court costs are not financial sanctions." *State v. Taylor*, 11th Dist. Portage No. 2011-P-0090, 2012-Ohio-3890, ¶48. "Consequently, R.C. 2929.19 is inapplicable to the imposition of costs, and a trial court need not consider a defendant's ability to pay." *Id.*

**{¶11}** Second, Ms. Tackett cites R.C. 2947.14, which relates to the imposition of *fines.* The trial court did not order Ms. Tackett to pay a fine. Accordingly, R.C. 2947.14 is also not applicable. *See State v. Brock*, 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97, ¶20 (finding R.C. 2947.14 inapplicable to the imposition of court costs).

3

**{¶12}** Finally, Ms. Tackett claims the imposition of court costs violates the Eighth Amendment to the U.S. Constitution's prohibition against cruel and unusual punishment. The Supreme Court of Ohio has previously rejected this argument, holding that "costs are not punishment, but are more akin to a civil judgment for money." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, ¶240, quoting *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, ¶15.

**{¶13}** In the last page of her brief, Ms. Tackett claims the trial court erred by denying her pro se motion to perform community service in lieu of court costs without considering her ability to pay. However, since such events occurred subsequent to Ms. Tackett's filing of this appeal, this argument is not properly before us.

**{¶14}** For the foregoing reasons, Ms. Tackett's sole assignment of error is without merit. The judgment of the Ashtabula County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

4