[Cite as *State v. Robinson*, 2021-Ohio-1064.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0048** |
| EDWARD L. ROBINSON, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2020 CR 00017.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Edward F. Borkowski, Jr.,* P.O. Box 609151, Cleveland, OH 44109 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Edward L. Robinson, appeals from the August 5, 2020 judgment of the Trumbull County Court of Common Pleas sentencing him to an aggregate term of 12 to 15 years imprisonment following appellant's guilty plea. For the reasons that follow, the judgment is affirmed.

{¶2} The facts of the case as would have been shown by appellee had the case proceeded to trial are as follows: On November 11, 2019, appellant approached a woman

as she was exiting her vehicle outside her home. He produced a gun, put it to her side, and grabbed her purse. When he discovered there was no cash in her purse, he demanded that she take him to an ATM machine; she complied. He took the money she withdrew and demanded she drop him off at a particular intersection. The victim was later able to pick appellant out of a photo array.

{¶3} The next day, appellant approached a city worker as he was reading meters. Appellant brandished a gun and demanded money, stating "give me your money, I don't want to shoot you"; when the worker replied he had no money on him, appellant demanded he take him to the bank. The second victim got into the driver's seat of his city truck and appellant got in the back. He started driving toward the bank, but a short distance later bailed out of his vehicle and ran up to another city worker working in the vicinity. Appellant jumped in the driver's seat and drove away. The vehicle was later recovered; his DNA was found on the gear shifter knob of the truck, and the second victim was able to pick appellant out of a photo array. Appellant admitted both robberies in his interview with the police but denied having a gun.

{¶4} In February 2020, appellant was charged in a four-count indictment: Counts 1 and 3, Aggravated Robbery, felonies of the first degree in violation of R.C. 2911.01(A)(1)&(C); and Counts 2 and 4, Kidnapping, felonies of the first degree in violation of R.C. 2905.01(A)(2)&(C)(1). He initially entered a plea of not guilty and the original $100,000 bond was continued. In July 2020, appellant changed his plea to guilty; the parties agreed that for purposes of the plea agreement, the firearm specifications on counts 1 and 3 would merge with those on counts 2 and 4, respectively. The parties jointly recommended a sentence of six to nine years on count 1, with the two firearm

specifications to run prior to and consecutive to count 1, and six to nine years on each of counts 2, 3, and 4 to run concurrent to count 1, the result being an aggregate prison sentence of 12 to 15 years.

{¶5} The court adopted the parties' recommendation in its entirety and advised appellant he was required to register as a violent offender. The court also found appellant indigent and waived court costs.

{¶6} Appellant now appeals assigning two errors for our review. The first states:

{¶7} The trial court erred by not merging allied offenses.

{¶8} Under this assignment of error, appellant argues the trial court erred by failing to conduct a merger analysis and that the aggravated robbery counts should have merged with the kidnapping counts because the kidnapping was committed for the purpose of facilitating the aggravated robbery and did not have separate identifiable harm or animus.

{¶9} Appellant failed to raise the issue below. Accordingly, this court reviews this argument for plain error. *State v. Devai*, 11th Dist. Ashtabula No. 2012-A-0054, 2013-Ohio-5264, ¶16, citing *State v. Comen*, 50 Ohio St.3d 206, 211 (1990). In *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002), "the Supreme Court of Ohio set forth very strict limitations on what constitutes plain error. First, there must be an error, i.e., a deviation from a legal rule. *Id.* Second, the error must be plain, i.e., the error must be an 'obvious' defect in the proceedings. *Id.* Third, the error must have affected 'substantial rights.' *Id.*" *Devai, supra,* at ¶17. The defendant has the burden of demonstrating plain error. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶17. A reversal is warranted only if the defendant can prove the outcome would have been different absent the error. *Id.*

{¶10} R.C. 2941.25 governs the merger of allied offenses for sentencing purposes, and states:

{¶11} (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶12} (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them. *Id.*

{¶13} "Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶30.

{¶14} The Supreme Court of Ohio in *Ruff* went on to set forth three questions under R.C. 2941.25 in order to determine whether a defendant can be convicted of multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. *Id.* at ¶31.

{¶15} "'[T]his analysis may be sometimes difficult to perform and may result in varying results for the same set of offenses in different cases. But different results are permissible, given that the statute instructs courts to examine a defendant's conduct–an

4

inherently subjective determination.'" *Id.* at ¶32, quoting *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶52.

{¶16} In determining whether aggravated robbery and kidnapping merge, courts consider the guidelines set forth in *State v. Logan*, 60 Ohio St.2d 126 (1979):

> {¶17} (a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

> {¶18} (b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions. *Id.* at syllabus.

{¶19} "'Although *Logan* predates *Ruff*, Ohio courts continue to apply the guidelines set forth in *Logan* in determining whether kidnapping and another offense were committed with a separate animus, in accordance with the third prong of the *Ruff* test.'" *State v. Cook*, 11th Dist. Geauga No. 2016-G-0096, 2018-Ohio-788, ¶15, quoting *State v. Asadi-Ousley*, 8th Dist. Cuyahoga No. 104267, 2017-Ohio-7252, ¶47, *reopened on other grounds*, citing *State v. Armengau*, 10th Dist. Franklin No. 14AP-679, 2017-Ohio-4452, ¶125, *State v. Williams*, 7th Dist. Mahoning No. 13 MA 125, 2015-Ohio-4100, ¶18, and *State v. Stinnett*, 5th Dist. Fairfield No. 15-CA-24, 2016-Ohio-2711, ¶53; *see also State v. Smith,* 11th Dist. Trumbull No. 2018-T-0061, 2019-Ohio-1952, ¶25.

{¶20} Here, it is apparent the restraint of each victim was not merely incidental to the aggravated robbery but was prolonged; beyond the initial restraint by means of a firearm while demanding any cash on their persons, appellant relocated the two victims to a separate location against their will for the purpose of forcing them to withdraw money

5

from the ATM. Indeed, "[t]here are several cases supporting the conclusion that, when a victim is forcibly moved from one location to another for the purpose of enabling another offense, the Kidnapping charge does not merge." *State v. Ervin-Williams*, 11th Dist. Trumbull No. 2014-T-0009, 2014-Ohio-5473, ¶60, citing *State v. Houston*, 1st Dist. Hamilton No. C-130429, 2014-Ohio-3111, ¶25-26; *State v. Martin*, 11th Dist. Lake No. 2012-L-043, 2013-Ohio-1944, ¶38; *State v. Vance*, 10th Dist. Franklin No. 11AP-755, 2012-Ohio-2594, ¶16-17.

{¶21} Thus, we cannot say the trial court committed plain error in failing to merge the aggravated robbery and kidnapping counts. Mr. Robinson's first assignment of error is without merit.

{¶22} His second states:

{¶23} Appellant's counsel was ineffective.

{¶24} "There is a general presumption that trial counsel's conduct is within the broad range of professional assistance." *State v. Andrus*, 11th Dist. Ashtabula No. 2019-A-0082, 2020-Ohio-6810, ¶60, citing *State v. Bradley*, 42 Ohio St.3d 136, 142-143 (1989); *see also, State v. Smith*, 17 Ohio St.3d 98, 100 (1985). The burden of proving ineffective assistance of counsel falls upon a defendant. *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036, *3 (Mar 22, 2002).

{¶25} "In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell 'below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.'" *Andrus, supra*, quoting *Bradley, supra,* paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)). "In order to show prejudice, the appellant must demonstrate a reasonable probability that, but for

6

counsel's error, the result of the proceeding would have been different." *Andrus, supra,* citing *Bradley, supra,* at paragraph three of the syllabus. In the context of a guilty plea conviction, this means that appellant would not have pleaded guilty but for counsel's ineffective assistance. *Madeline, supra.* "If a claim can be disposed of by showing a lack of sufficient prejudice, there is no need to consider the first prong, i.e., whether trial counsel's performance was deficient." *Andrus, supra,* citing *Bradley, supra,* at 143, citing *Strickland, supra*, at 695-696.

{¶26} Moreover, "[t]he mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the requisite connection between the guilty plea and the ineffective assistance. * * * Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." *Madeline, supra,* citing *State v. Sopjack,* 11th Dist. Geauga No. 93-G-1826, 1995 WL 869968, *4, citing *State v. Haynes*, 11th Dist. Trumbull No. 93-T-4911, 1995 WL 237075, at 4-5. This court has explained that "by entering a plea of guilty, appellant waived the right to contest the effectiveness of his representation prior to the entry of the guilty plea if it did not cause less than a knowing and voluntary plea." *Haynes, supra,* at *1; see also *Madeline, supra.* "As a general proposition, the Supreme Court of Ohio has stated that a guilty plea 'represents a break in the chain of events which has preceded it in the criminal process.'" *Haynes, supra,* quoting *State v. Spates*, 64 Ohio St.3d 269, 272 (1992).

{¶27} Under this assignment of error, appellant argues his defense counsel below was ineffective for failing to secure a plea agreement that offered any benefit to him, by

failing to raise the merger issue, by failing to raise the issue of a speedy trial violation, and by failing to respond to the state's discovery demand. We address each argument in turn.

{¶28} First, we address appellant's argument that his agreement was of no benefit to him. In exchange for the guilty plea, the state did not offer to reduce or nolle any count of the indictment; thus, appellant argues, he did not receive any benefit to pleading guilty. Appellant acknowledges that the state offered to merge two of the four firearm specifications; however, he argues this was of no benefit to him as they would have run concurrently because the charged offenses were committed as part of the same act or transaction. He also challenges the benefit of a jointly recommended sentence as the court was not bound by the recommendation.

{¶29} Though appellant states that had he known the firearm specification sentences would be run concurrently, "he likely would not have changed his plea," appellant stated that he entered into the plea knowingly and does not challenge this on appeal. Furthermore, the terms of the plea agreement resulted in two firearm specifications, not four, which is of some benefit to appellant even if they were to run concurrently, e.g., if some of the charges were later challenged or for the benefit of his criminal record. The parties also agreed to a joint recommendation of a minimum of 12 and a maximum of 16 years imprisonment, when he was facing up to 56 years. Though the court was not bound by any recommendation, we cannot say the joint recommendation was of no benefit to appellant, as the appellee was advocating for a significantly reduced sentence. To argue this is of no benefit to appellant, is to say the state's recommendation carries no weight whatsoever. While the court is not bound to a

8

joint recommendation or the recommendation of either party, it does take the recommendations into consideration.

{¶30} It is clear from the record that appellant understood the terms of his plea agreement, agreed to them, received some benefit from the plea agreement, and stated he was satisfied with his counsel's representation. Accordingly, we do not find that appellant has met his burden of showing his counsel was ineffective.

{¶31} Second, as discussed under appellant's first assignment of error, there was no error related to the merger of offenses; thus, appellant cannot show prejudice for his attorney's failure to raise the merger issue.

{¶32} Third, appellant argues that the trial court violated his right to a speedy trial and that his counsel was ineffective for failing to raise the matter. A person charged with a felony must be brought to trial within 270 days of arrest. R.C. 2945.71(C)(2). If the person charged remains in jail while the case is pending, each day counts as three days. R.C. 2945.71(E). This time may be continued. R.C. 2945.72.

{¶33} Here, the parties agree that appellant was arrested on December 28, 2019. As there is no indication in the record that appellant posted bond, which is not disputed by either party, appellant remained in jail while the case was pending. On February 26, 2020, appellant signed a speedy trial waiver extending the time an additional 90 days. On March 26, 2020, the court, in response to the COVID-19 pandemic, tolled the speedy trial time a minimum of 90 days, or "until further notice." The record is devoid of further tolling orders either extending or ending the tolling period. Appellant pleaded guilty on July 29, 2020.

9

{¶34} According to the Supreme Court of Ohio, "R.C. 2945.72(H) provides that speedy-trial time may be extended by 'the period of any reasonable continuance granted other than upon the accused's own motion'; continuing a trial because of a pandemic state of emergency is 'reasonable.'" *In re Disqualification of Fleegle*, 161 Ohio St.3d 1263, 2020-Ohio-5636, ¶7, quoting R.C. 2945.72(H). As the latest court order regarding this matter extended the speedy trial time until further notice, it was in effect until appellant entered his guilty plea in July 2020. Thus, we cannot fault appellant's trial court counsel for failing to challenge the matter below.

{¶35} Finally, appellant argues that his counsel was ineffective for failing to respond to the state's discovery demand. However, appellant does not argue how this would have been prejudicial to him or that he would have proceeded to trial instead of pleading guilty had his counsel responded. Thus, appellant has not met his burden of showing he was prejudiced for this argument.

{¶36} Mr. Robinson's second assignment of error is without merit.

{¶37} Accordingly, the judgment of the Trumbull County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.