[Cite as *State v. Mallard*, 2024-Ohio-297.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>KEVIN MALLARD,<br><br>Defendant-Appellant. | CASE NO. 2023-T-0020<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2022 CR 00481 |

**O P I N I O N**

Decided: January 29, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Richard E. Hackerd*, 55 Public Square, Suite 2100, Cleveland, OH 44113 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} The instant appeal arises from a disturbing incident in which appellant, Kevin Mallard ("Mr. Mallard"), who was driving with his wife in the middle of the afternoon, stopped at a traffic light, descended into a road rage, got out of his vehicle, and shot another driver in the temple. He then engaged in a shootout with four officers from the Liberty Township Police Department until they were able to apprehend him. He subsequently pleaded guilty to four counts of attempted murder with firearm specifications, inducing panic with a firearm specification, improperly handling firearms in

a motor vehicle, and carrying concealed weapons. Mr. Mallard appeals from the judgment of the Trumbull County Court of Common Pleas that sentenced him to an aggregate prison term of a minimum of 68 years up to a maximum of 73 and 1/2 years.

{¶2} Mr. Mallard raises two assignments of error on appeal, contending (1) the record does not support the trial court's imposition of consecutive sentences, and (2) his plea was not knowingly, intelligently, and voluntarily made because the trial court neglected to advise him of his right to a bench trial.

{¶3} After a careful review of the record and pertinent law, we find Mr. Mallard's assignments of error to be without merit.

{¶4} Firstly, our review of the sentencing hearing and judgment entry reveals the trial court made the appropriate consecutive sentence findings pursuant to R.C. 2929.14(C)(4), including both R.C. 2929.14(C)(4)(b) and (c). In addition, although the court was not required to state its reasons to support its findings, the court cited the severe physical, psychological, and economic harm Mr. Mallard caused, including the permanent loss of the victim's eyes and nasal cavity; his likely recidivism; the fact that he put police officers' lives in jeopardy; and the abhorrent nature of his crimes.

{¶5} Secondly, Mr. Mallard failed to allege any grounds for vacating his guilty pleas since the right to a bench trial is not one of the rights a trial court is required to enumerate before accepting a guilty plea pursuant to Crim.R. 11(C)(2).

{¶6} The judgment of the Trumbull County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶7} In May 2022, the Trumbull County grand jury indicted Mr. Mallard on five counts: attempted aggravated murder with a firearm specification; attempted murder with

2

a firearm specification; inducing panic with a firearm specification; improperly handling firearms in a motor vehicle; and carrying concealed weapons.

{¶8} In October 2022, a superseding indictment was filed, charging Mr. Mallard with nine counts: (1) attempted aggravated murder with a firearm specification, a first-degree felony, in violation of R.C. 2923.02(A), 2903.01(A) and (G), 2941.145(A), and 2929.14(D)(1); (2) attempted murder with a firearm specification, a first-degree felony, in violation of R.C. 2923.02(A), 2903.02(A) and (D), 2941.145(A), and 2929.14(D)(1); (3) inducing panic with a firearm specification, a fourth-degree felony, in violation of R.C. 2917.31(A)(3), (C)(1) and (3), 2941.145(A), and 2929.14(D)(1); (4) improperly handling firearms in a motor vehicle, a fourth-degree felony, in violation of R.C. 2923.16(B) and (I); (5) carrying concealed weapons, a fourth-degree felony, in violation of R.C. 2923.12(A)(2) and (F)(1); and (6)-(9) attempted murder with a firearm specification, first-degree felonies, in violation of R.C. 2923.02(A), 2903.02(A) and (D), 2941.145, and 2941.1412.

{¶9} Mr. Mallard was subsequently found competent to stand trial and sane at the time of the incident.

{¶10} A plea hearing was held at the end of February 2023. Prior to accepting Mr. Mallard's plea, the trial court engaged Mr. Mallard in a Crim.R. 11(C)(2) colloquy, advising him of his constitutional and nonconstitutional rights.

{¶11} The state also presented the factual basis for the indictment:

{¶12} "[O]n or about the date referenced in the indictment, in Trumbull County, State of Ohio, the victim * * * was stopped at a traffic stop light in his motor vehicle. The Defendant was behind the victim in his motor vehicle as well. The Defendant exited his motor vehicle, approached [the victim]. When he reached the victim he produced a .40

3

caliber Glock handgun from his waistband that was concealed on his person. He took that firearm, placed it to the side of the victim's head and pulled the trigger firing one shot, shooting the victim in the left temple. This action caused the victim to lose both eyes and as such, he's permanently blind.

{¶13} "This also caused serious public inconvenience to the vehicles parked around the two vehicles that were driven by the victim and the Defendant.

{¶14} "After he committed that act, he went back to his motor vehicle and drove away. A short distance away he was stopped by officers with the Liberty Township Police Department. * * * As soon as he was stopped, [he] exited his motor vehicle and began firing at the responding officers. He ultimately ended up shooting at [several officers] in [an] attempt to kill those individuals, firing at them multiple times, reloading and continuing to fire.

{¶15} "Eventually he was struck by the fire of the responding officers, he was arrested and he was transported to the hospital where he was treated for his injuries."

{¶16} Ultimately, Mr. Mallard pleaded guilty to seven counts: (1) count two, attempted murder with a firearm specification; (2) count three, inducing panic with a firearm specification; (3) count four, improperly handling firearms in a motor vehicle; (4) count five, carrying concealed weapons; and (5)-(7) counts six, seven, and eight, attempted murder with firearm specifications.

{¶17} In March 2023, a sentencing hearing was held. The mother of the victim and an officer who was present at the incident provided oral victim impact statements. Defense counsel spoke on Mr. Mallard's behalf, citing his numerous mental health issues, and Mr. Mallard apologized to the court and the victims.

4

{¶18} The trial court made the following findings as they related to all of the counts: (1) Mr. Mallard's conduct is more serious than conduct normally constituting the offense; (2) the mental injury suffered by the victim due to Mr. Mallard's conduct was exacerbated because of the victim's age; (3) the victim and officers suffered psychological harm; (4) the victim has and will continue to suffer economic harm; (5) Mr. Mallard's road rage and criminal behavior caused serious permanent injuries to the victim; and (6) Mr. Mallard is likely to commit future crimes due to his lack of proper mental health care.

{¶19} The court also found, pursuant to R.C. 2929.14(C)(4), "that consecutive sentences are necessary to protect the public from future crime by the defendant. Consecutive sentences are necessary to punish the defendant. And consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the clear danger the defendant poses to the public. At least two or more of the multiple offenses were committed as one or more courses of conduct. The harm caused by the multiple offenses was so unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of the defendant's criminal conduct. And the criminal - - defendant's criminal conduct clearly demonstrates that consecutive sentences are necessary to protect the public from future crime that was most seriously committed by the defendant."

{¶20} The court then remarked on Mr. Mallard's mental illness, his access to handguns, and the awareness his family had of the situation, including Mr. Mallard's wife, who was convicted of obstructing justice for her participation in the incident. The court recognized the extreme, disfiguring, and permanent physical and psychological injuries of the victim, who lost both of his eyes and his nasal cavity because Mr. Mallard "did not

5

Case No. 2023-T-0020

like the way he was driving," as well as the danger in which Mr. Mallard put the police officers by engaging in a shootout. The court noted, "some crimes are just so abhorrent that they defy any justification or reason."

{¶21} The trial court proceeded to sentence Mr. Mallard as follows:

{¶22} (1) on count two, attempted murder, to an indefinite prison term of a minimum of 11 years up to a maximum of 16 and 1/2 years, consecutive to all counts;

{¶23} (2) on the firearm specification in count two, a prison term of three years prior to and consecutive to the underlying offense and consecutive to all other counts;

{¶24} (3) on count three, inducing panic, a prison term of 18 months, concurrent to all other counts;

{¶25} (4) on the firearm specification in count three, a prison term of three years, concurrent to the underlying offense and all other counts;

{¶26} (5) on count four, improperly handling firearms in a motor vehicle, a prison term of 18 months, concurrent to all other offenses;

{¶27} (6) on count five, carrying concealed weapons, a prison term of 18 months, concurrent to all other offenses;

{¶28} (7) on count six, attempted murder, a prison term of 11 years, consecutive to all counts;

{¶29} (8) on the firearm specification in count six, a prison term of seven years, to be served prior to and consecutive to the underlying offense and consecutive to all other counts and specifications;

{¶30} (9) on count seven, attempted murder, a prison term of 11 years consecutive to all counts;

6

{¶31} (10) on the firearm specification in count seven, a prison term of seven years, to be served prior to and consecutive to the underlying offense and consecutive to all other counts and specifications;

{¶32} (11) on count eight, attempted murder, a prison term of 11 years, consecutive to all counts; and

{¶33} (12) on the firearm specification in count eight, a prison term of seven years to be served prior to and consecutive to the underlying offense and consecutive to all other counts and specifications; resulting in an aggregate prison term of a minimum of 68 years up to a maximum of 73 and 1/2 years.

{¶34} Mr. Mallard raises two assignments of error on appeal:

{¶35} "[1.] The Trial Court erred in imposing consecutive sentences.

{¶36} "[2.] Mallard's plea was not knowingly, intelligently, and voluntarily given."

**Consecutive Sentences**

{¶37} In Mr. Mallard's first assignment of error, he contends the trial court erred by imposing consecutive sentences because the record does not support the court's findings.

{¶38} Appellate review of consecutive sentences is governed by R.C. 2953.08(G)(2), which provides:

{¶39} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶40} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to

7

the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶41} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶42} "(b) That the sentence is otherwise contrary to law."

{¶43} The trial court imposed consecutive sentences pursuant to R.C. 2929.14(C)(4), which provides, in relevant part:

{¶44} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶45} "* * *

{¶46} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

Case No. 2023-T-0020

{¶47} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶48} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, *but it has no obligation to state reasons to support its finding*." (Emphasis added.) *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶49} As our review of the sentencing hearing and judgment entry reveals, the trial court made the appropriate consecutive sentence findings pursuant to R.C. 2929.14(C)(4), including both R.C. 2929.14(C)(4)(b) and (c).

{¶50} Although the court was not required to state its reasons to support its findings, it did so, noting the severe physical, psychological, and economic harm; the permanent injuries to the victim; Mr. Mallard's likely recidivism; and the abhorrent nature of his crimes. Quite simply, this is not a case where the record does not support the trial court's findings.

{¶51} Mr. Mallard's first assignment of error is without merit.

**Right to a Bench Trial**

{¶52} In Mr. Mallard's second assignment of error, he contends his plea was not knowingly, intelligently, and voluntarily made because the trial court failed to inform him of his right to a bench trial.

9

**{¶53}** This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Willard*, 2021-Ohio-2552, 175 N.E.3d 989, ¶ 51 (11th Dist.).

**{¶54}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11 was adopted to give detailed instructions to trial courts on the procedures to follow before accepting pleas of guilty. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9.

**{¶55}** Crim.R. 11(C)(2), provides, in relevant part, as follows:

**{¶56}** "In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following:

**{¶57}** "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶58}** "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

**{¶59}** "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the

10

defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(a) through (c).

{¶60} In *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, the Supreme Court of Ohio explained that when a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is he must establish that an error occurred in the trial court proceedings and that he was prejudiced by that error. *Id.* at ¶ 13.

{¶61} There are limited exceptions to the prejudice component. When a trial court fails to explain the constitutional rights a defendant waives by pleading guilty or no contest, we presume the plea was entered involuntarily and unknowingly, and no showing of prejudice is required. *Id.* at ¶ 14. Similarly, a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice. *Id.* at ¶ 15; *see, e.g.*, *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22 (trial court completely failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty when it made no mention of defendant's mandatory five years of postrelease control in the plea colloquy).

{¶62} On appellate review, the questions to be answered are "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 17.

11

Case No. 2023-T-0020

{**¶63**}   The right to a bench trial is conferred by statute.  Specifically, R.C. 2945.05 provides, "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury.  Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.  * * *  Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel.  Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."

{**¶64**}   The right to a bench trial, however, is not one of the five constitutional rights or one of the nonconstitutional rights a trial court is required to advise a defendant that he or she is waiving by pleading guilty pursuant to Crim.R. 11(C)(2).

{**¶65**} This court and our sister districts have repeatedly found there is no requirement for a trial court to advise a defendant of his or her right to a bench trial prior to accepting his or her plea.  *See State v. Mallory*, 11th Dist. Trumbull No. 2020-T-0070, 2021-Ohio-1542, ¶ 32 (Crim.R. 11(C)(2)(c) does not require the trial court to inform a defendant of a right to a bench trial); *State v. Kittelson*, 2016-Ohio-8430, 78 N.E.3d 355, ¶ 30 (11th Dist.) (the trial court is under no obligation to advise a defendant of the right to a bench trial); *State v. Lewis*, 8th Dist. Cuyahoga No. 107552, 2019-Ohio-1994, ¶ 13 ("[f]or over 30 years, this court has * * * consistently rejected the claim that the trial court is required to inform defendants of the option of a bench trial in order for a guilty plea to be valid"); *State v. Acosta*, 6th Dist. Wood No. WD-15-066, 2016-Ohio-5698, ¶ 14 (failure to advise of right to bench trial cannot be a basis for vacating plea).

Case No. 2023-T-0020

**{¶66}** As the Seventh District aptly explained in *State v. Cruz-Ramos*, 2019-Ohio-779, 132 N.E.3d 170 (7th Dist.), "A person has many constitutional rights, but the mere fact a person is pleading guilty does not require the trial court to list every conceivable constitutional right he may be waiving. For instance, there is a right to a speedy and public trial; however, a trial court is not required to advise the pleading defendant about this right. * * * Moreover, it is the right to trial *by jury* that is guaranteed by the Sixth Amendment to [the] United States Constitution [and that the trial court is required to advise pursuant to Crim.R. 11(C)(2)(c)]." (Emphasis sic.) *Id.* at ¶ 15-16.

**{¶67}** Mr. Mallard's second assignment of error is without merit.

**{¶68}** Finding Mr. Mallard's assignments of error to be without merit, we affirm the judgment of the Trumbull County Court of Common Pleas.

EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

13

Case No. 2023-T-0020