[Cite as *State v. White*, 2026-Ohio-2253.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
### PORTAGE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

JAY A. WHITE,

      Defendant-Appellant.

**CASE NOS. 2025-P-0052**
**2025-P-0053**

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos. 2023 CR 00842
2025 CR 00139

---

## OPINION AND JUDGMENT ENTRY

Decided: June 15, 2026
Judgment: Affirmed

---

*Connie J. Lewandowski*, Portage County Prosecutor, and *Thomas P. Bogner*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael Dunham*, 3383 West 123rd Street, Apt 1, Cleveland, OH 44111 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Jay A. White, appeals judgments of the Portage County Court of Common Pleas, in which he pleaded guilty, in 2023, to two counts of harassment with a bodily substance and, in a separate case, in 2025, to two counts of assault of a peace officer and violating a protection order. Mr. White was sentenced in the first matter to community control sanctions and, after violating the same (based upon the incident leading to the second case), sentenced to an aggregate sentence of two and one-half years imprisonment. At issue is whether (1) the trial court erred in accepting his pleas of guilty in each matter, (2) the trial court erred in imposing a term of imprisonment for the

individual cases, as well as the consecutive terms in the both cases, and (3) Mr. White received ineffective assistance of counsel. We answer these questions in the negative and affirm the trial court.

{¶2} In October 2023, Mr. White pleaded guilty to two counts of harassment with bodily substances, felonies of the fifth degree. In January 2024, the trial court found Mr. White amenable to community control sanctions and suspended a "six to twelve" month prison term, provided he follow the conditions of his community control.

{¶3} In May 2025, Mr. White pleaded guilty to two counts of assault on a peace officer, felonies of the fourth degree, and violating a protection order, a misdemeanor of the first degree. In June 2025, Mr. White was sentenced to concurrent, 18-month prison terms for each felony of the fourth degree as well as a six-month, concurrent jail term on the protection-order charge. The trial court also ordered community control be terminated and imposed two 12-month prison terms for the 2023 felonies of the fifth degree, to be served concurrently, but consecutively to the 18-month prison term for the 2025 matter. In total, Mr. White was sentenced to an aggregate term of two and one-half years.

{¶4} Mr. White requested delayed appeals in both the 2023 and 2025 cases. This court granted his requests pursuant to App.R. 5(A) and consolidated the appeals. He assigns three errors for this court's review. The first assignment of error provides:

{¶5} "The trial court erred as a matter of law in accepting Mr. Whites' guilty plea and admission to a probation violation in violation of his due process rights and his rights under the U.S. Constitution Amend. V, US Con. Amend. VI, US Cons. Amend. XIV, Ohio Con. Art. I, Crim.R. 11, and, Crim.R. 32.3 because his plea and admission were not made knowingly voluntarily, and intelligently." (Sic throughout.).

Case Nos. 2025-P-0052 and 2025-P-0053

{¶6} Under his first assignment of error, Mr. White asserts his guilty plea in the 2025 matter and his admission to a community-control violation was not knowing, voluntary, and intelligent because he was not informed of his right to a trial to the bench. He also claims he believed he would receive probation and, as a result, his plea was invalid. We do not agree.

{¶7} Initially, Mr. White admitted to the community-control violation and, thus, did not object to the revocation. Generally, appellate courts review a trial court's decision to revoke community control for an abuse of discretion. *State v. Neubig*, 2021-Ohio-4375, ¶ 14 (11th Dist.). "Where[, however,] a defendant fails to object to revocation of community control or the sentence imposed for a violation, all but plain error review is [forfeited]." *State v. Rhodes*, 2025-Ohio-5368, ¶ 9 (11th Dist.); *see also State v. Sallaz*, 2004-Ohio-3508, ¶ 40 (11th Dist.); Crim.R. 52(B).

> "Under Crim.R. 52(B), '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *State v. Barnes*, 2002-Ohio-68, ¶ 20. "To find plain error, we must conclude (1) there was an error, i.e., a deviation from a legal rule (2) the error was plain, i.e., an obvious defect in the proceedings, and (3) the error affected substantial rights, i.e., the outcome of the proceedings." *State v. Warfield*, 2022-Ohio-1818, ¶ 55 (11th Dist.), citing *Barnes* at ¶ 20. "Even if a forfeited error satisfies these three prongs, however, Crim.R. 52(B) does not demand that an appellate court correct it." *Id.* at ¶ 21. "Crim.R. 52(B) states only that a reviewing court 'may' notice plain forfeited errors; a court is not obliged to correct them. We have acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to only notice plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" [*Warfield*], quoting *State v. Long*, 53 Ohio St.2d 91, paragraph three of the syllabus (1978).

*Conneaut v. Pushic*, 2025-Ohio-1783, ¶ 25 (11th Dist.).

Case Nos. 2025-P-0052 and 2025-P-0053

{¶8} During the May 2025 plea hearing, the trial court specifically addressed Mr. White regarding his admission to the community-control violation as well as the rights he was waiving by entering the plea. He expressly admitted he violated community control and, as a result, we find no plain error in the trial court's acceptance of his admission.[1] Next, the trial court provided the following advisements:

> THE COURT: Mr. White, you are pleading guilty to two felonies of the fourth degree. Those each carry with them up to eighteen months in prison, a $5,000 fine plus court costs. The violating a protection order carries with it up to six months in the Portage County Jail, a $1,000 fine plus court costs. Do you understand those potential penalties?
>
> MR. WHITE: Yes.
>
> THE COURT: All right. . . . by entering these pleas of guilty you are giving up your right to a trial by jury. At that trial the prosecutor would have to prove beyond a reasonable doubt each and every element of the charges against you. Your attorney could cross-examine and confront the witnesses who come in and testify for the State of Ohio, you could subpoena or compel witnesses, have them come in and testify for you, and you could each take the stand at your . . . [trial] if you chose to do so. You have a constitutional right not testify, but if you wanted you could. That along with those rights to trial, you are giving up by entering these pleas of guilty. Do you understand that . . . Mr. White?
>
> MR. WHITE: Yes.
>
> THE COURT: You also have to understand that by entering these pleas you are admitting each and every element of these offenses thereby waiving any right to appeal your pleas. Do you understand that, Mr. White?
>
> MR. WHITE: Yes.

---

1. The State asserts, in its appellee's brief, that "*Mr. Rhodes* admitted that he violated the terms and conditions of his community control on April 11, 2025. . . . The record, however, does not contain a transcript of that hearing." (Emphasis added.) *Id.* at p. 5. While the record does not include an April 11, 2025 hearing transcript, it is unclear to whom the State is referring. This appeal involves Mr. White (not a "Mr. Rhodes") and Mr. White admitted to the probation violation during the May 2025 hearing.

Case Nos. 2025-P-0052 and 2025-P-0053

{¶9} Mr. White does not dispute the trial court adequately advised him of the various rights enumerated under Crim.R. 11(C); instead, he argues his plea was not knowingly, voluntarily, and intelligently entered because the trial court did not advise him that he was waiving a right to a bench trial. However, this court, and other districts, have determined "there is no requirement for a trial court to advise a defendant of his or her right to a bench trial prior to accepting his or her plea." *State v. Mallard*, 2024-Ohio-297, ¶ 65 (11th Dist.), citing *State v. Mallory*, 2021-Ohio-1542, ¶ 32 (11th Dist.) (Crim.R. 11(C)(2)(c) does not require the trial court to inform a defendant of a right to a bench trial); *State v. Kittelson*, 2016-Ohio-8430, ¶ 30 (11th Dist.) (the trial court is under no obligation to advise a defendant of the right to a bench trial); *State v. Lewis*, 2019-Ohio-1994, ¶ 13 (8th Dist.) ("[f]or over 30 years, this court has . . . consistently rejected the claim that the trial court is required to inform defendants of the option of a bench trial in order for a guilty plea to be valid"); *State v. Acosta*, 2016-Ohio-5698, ¶ 14 (6th Dist.) (failure to advise of right to bench trial cannot be a basis for vacating plea). Based upon this authority, we conclude the trial court did not err when it did not advise him he was waiving his statutory right to a bench trial.

{¶10} Mr. White's claim that his "belief" that he would be sentenced to community control rendered his plea invalid is also unavailing.

{¶11} At the plea hearing, the trial court stated that it "could sentence [Mr. White] to thirty-six months in prison . . . Do you understand that?" Mr. White responded in the affirmative. It is unclear, given Mr. White's representation on record, how he could possess the reasonable belief that he would receive community control.

Case Nos. 2025-P-0052 and 2025-P-0053

{¶12} Moreover, and of significant legal import, a defendant's "unspoken, subjective belief as to the sentence that the court would impose [does] not render his plea unknowing or unintelligent." *State v. Vore*, 2021-Ohio-185, ¶ 23 (4th Dist.), citing *State v. Johnson,* 2017-Ohio-2931, ¶ 10 (11th Dist.) (rejecting defendant's claim that "he was misled or confused as to the potential penalties he faced" when defendant's "written guilty plea set[ ] forth the potential penalty range for each of the offenses," "state[d] that no promises were made to him that are not in the written plea agreement," and advised defendant that the maximum prison term was twenty-six years).

{¶13} Mr. White's first assignment of error lacks merit.

{¶14} Mr. White's second assigned error provides:

{¶15} "The trial court erred in sentencing Mr. White to 30 months in prison despite the presumption against maximum sentences, the presumption against consecutive sentences, and, his rights to due process of law and against cruel and unusual punishment under US Con. Amend. V, US Con. Amend. VIII, US Con. Amend. XIV, and, Ohio Con. Art. I[.]" (Sic throughout.)

{¶16} "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand . . . if it clearly and convincingly finds . . . [t]hat the sentence is . . . contrary to law.'" *State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.), citing *State v. Meeks*, 2023-Ohio-988, ¶ 11 (11th Dist.).

{¶17} "A sentence is contrary to law when it is 'in violation of statute or legal regulations' . . . ." *Meeks* at ¶ 11, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34. Thus,

Case Nos. 2025-P-0052 and 2025-P-0053

"'[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.), quoting *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

{¶18}  Under the second assignment of error, Mr. White first asserts the trial court erred by imposing maximum sentences in violation of the purported presumption against such terms. We do not agree.

{¶19}  Mr. White appears to argue that the trial court erred in sentencing him to the maximum terms on the offenses to which he pleaded guilty. In doing so, he argues that the trial court did not find the crimes were "the worst forms of the offense." Appellant's brief at p. 10.

{¶20}  Initially, prior to the Supreme Court of Ohio's decision in *State v. Foster,* 2006-Ohio-856, trial courts were required to make a finding pursuant to former R.C. 2929.14(C) that the offender committed the "worst form of the offense," and, inter alia, the offender "posed the greatest likelihood of committing future crimes[.]" Former R.C. 2929.14(C), however, was declared unconstitutional, because it required "judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant." *Foster*, at paragraph one of the syllabus. To remedy the unconstitutional nature of the statute, the Supreme Court of Ohio severed R.C. 2929.14(C). *Foster,* at paragraph two of the syllabus. Following severance, "[t]rial courts have full discretion to impose a prison sentence within the

Case Nos. 2025-P-0052 and 2025-P-0053

statutory range and are no longer required to make findings or give their reasons for imposing maximum . . . sentences." *Id.* at paragraph seven of the syllabus.

{¶21} To the extent Mr. White argues the trial court could not impose the maximum sentences without finding they represented the worst form of the offense, his argument relies upon outdated and severed statutory provisions which have had no effect for nearly two decades. His argument must fail.

{¶22} Next, Mr. White challenges the trial court's imposition of consecutive sentences wherein it "stacked" the 12-month concurrent terms in the 2023 matter with the 18-month concurrent terms in the 2025 matter. Because we conclude the trial court complied with R.C. 2929.14(C)(4), Ohio's consecutive sentencing statute, this challenge lacks merit.

{¶23} R.C. 2929.14(C)(4) permits the imposition of consecutive sentences, and provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the

Case Nos. 2025-P-0052 and 2025-P-0053

offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶24} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. "Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.*

{¶25} Here, at the sentencing hearing, the trial court observed:

I am specifically finding that consecutive sentences are necessary in this situation as you were on community control when the '25 case occurred, so one or more of the offenses were committed while you were on community control and your criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime are necessary because you - - and they are not disproportionate to the seriousness of your conduct and to the danger that you pose to the community. You have numerous, countless, violent offenses. Even if they're misdemeanors you still have numerous offenses that are considered violent offenses.

{¶26} The trial court's findings comport with statutory requirements and therefore are not contrary to law. Furthermore, the sentence and its findings were incorporated into the final order on sentence. The consecutive sentences were accordingly properly ordered.

{¶27} Finally, under his second assignment of error, Mr. White argues that the trial court erred in sentencing him to two and one-half years in prison because the prison

Case Nos. 2025-P-0052 and 2025-P-0053

sentence and order to pay fines violated his right to be free from cruel and unusual punishment. We disagree.

{¶28} The Eighth Amendment to the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The groundwork of the Eighth Amendment's prohibition against cruel and unusual punishment is the "'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'" *State v. Moore*, 2016-Ohio-8288, ¶ 31, quoting *Weems v. United States*, 217 U.S. 349, 367 (1910). To violate the Eighth Amendment's prohibition, "the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." (Citation omitted.) *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70 (1964); *see also State v. Yuran*, 2024-Ohio-5655, ¶ 16 (11th Dist.). "'As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.'" *State v. Hairston*, 2008-Ohio-2338, ¶ 21, quoting *McDougle* at 69.

{¶29} First of all, the record does not indicate Mr. White was ordered to pay fines. Rather, he was ordered to pay costs in both the 2023 and 2025 cases. The trial court stated that Mr. White could perform "community work service at eleven dollars an hour" to satisfy the costs. We find no prima facie basis to conclude the court's order could be even remotely considered constitutionally cruel and unusual.

{¶30} Regarding costs, the Supreme Court of Ohio has concluded that the imposition of costs do not violate the constitutional proscription against cruel and unusual punishment. *See State v. Clinton*, 2017-Ohio-9423, ¶ 240. Rather, costs are not a means of punishment but are more comparable to a civil judgment for compensation. *Id.*; *see*

Case Nos. 2025-P-0052 and 2025-P-0053

*also State v. Tackett*, 2019-Ohio-1419, ¶ 12 (11th Dist.). The trial court may waive costs but is not required to do so. *State v. Braden*, 2019-Ohio-4204, ¶ 31. Assessing costs in these matters does not "shock [a] sense of justice" such that the imposition of the same should be considered cruel and unusual. *McDougle*, 1 Ohio St.2d at 70.

{¶31}  Similarly, the trial court emphasized that its imposition of consecutive sentences for his various crimes was premised upon his commission of the 2025 incidents which occurred while on community control for the 2023 incidents. It also underscored Mr. White's lengthy record which include various violent crimes. We discern no constitutional problem with the trial court's imposition of consecutive sentences.

{¶32}  Mr. White's second assignment of error lacks merit.

{¶33}  His third assigned error provides:

{¶34}  "Trial counsel was ineffective for failing to object to the change of plea, the admission to a probation violation, and the sentence, in violation of Mr. White's right to effective assistance of counsel under the U.S. Constitution. Amend. VI, US Con. Amend. XIV, and, Ohio Con. Art. I. . . ." (Sic throughout).

{¶35}  "There is a general presumption that trial counsel's conduct is within the broad range of professional assistance." *State v. Andrus*, 2020-Ohio-6810, ¶ 60 (11th Dist.), citing *State v. Bradley*, 42 Ohio St.3d 136, 142-143 (1989). The burden of establishing ineffective assistance of counsel falls upon the appealing defendant. *State v. Robinson*, 2021-Ohio-1064, ¶ 24 (11th Dist.).

{¶36}  "In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell 'below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's

Case Nos. 2025-P-0052 and 2025-P-0053

performance.'" *Andrus* at ¶ 60, quoting *Bradley* at paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)). To demonstrate prejudice, a defendant must establish there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Bradley* at paragraph three of the syllabus.

{¶37} Under his final assigned error, Mr. White argues counsel was ineffective for failing to object to the acceptance of the pleas; failing to make certain the pleas were made knowingly, voluntarily, and intelligently; and failing to specifically ascertain Mr. White knew he could have waived his right to a jury trial but still demand a bench trial.

{¶38} As discussed under Mr. White's first assignment of error, his pleas were discussed on record in a manner that demonstrates, as a matter of law, they were knowingly, voluntarily, and intelligently entered. We perceive no problem in the trial court's process or with counsel's approach to advising Mr. White to enter the pleas of guilty as well as the admission to the violation of community control.

{¶39} Moreover, during the October 2023 guilty-plea hearing and the May 2025 guilty-plea hearing, Mr. White stated he was neither forced nor threatened to enter his pleas. Mr. White also stated his attorney reviewed the written pleas of guilty with him and confirmed he signed the written pleas. Finally, Mr. White confirmed at the plea hearing(s) that he was satisfied with his attorney's performance.

{¶40} We cannot conclude, in light of the record, that counsel rendered deficient performance or proceeded in such a way as to prejudice Mr. White.

{¶41} Mr. White's final assignment of error lacks merit.

Case Nos. 2025-P-0052 and 2025-P-0053

{¶42}   The judgments of the Portage County Court of Common Pleas are affirmed.

ROBERT J. PATTON, J.,

SCOTT LYNCH, J.,

concur.

Case Nos. 2025-P-0052 and 2025-P-0053

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error lack merit. It is the judgment and order of this court that the judgments of the Portage County Court of Common Pleas are affirmed.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI


_____
JUDGE ROBERT J. PATTON,
concurs


_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2025-P-0052 and 2025-P-0053